IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSHUA CORDOVA,

    Plaintiff,

vs.                                                                          Civ. No. 16-460 KG/KBM

JODY JENKINS and
JENKINS, WAGNON & YOUNG, P.C.,

    Defendants.

## ORDER DENYING RULE 56(d) MOTION

This matter comes before the Court upon Plaintiff's Motion for Extension of Time to Respond to Motions for Summary Judgment (Motion), filed February 14, 2018. (Doc. 87). Defendants filed an Opposition Response on February 26, 2018. (Doc. 90). Plaintiff filed a Reply on March 12, 2018. (Doc. 94). The Court held a hearing on the Motion on April 6, 2018. Richard Feferman and Nicholas H. Mattison appeared for Plaintiff, and Leslie McCarthy Apodaca and Charles Vigil appeared for Defendants.

Plaintiff requests relief under Fed. R. Civ. P. 56(d). (Doc. 87). A party seeking to defer a ruling on summary judgment under Rule 56(d) must file an affidavit explaining why facts precluding summary judgment cannot be presented. *See Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016). The affidavit "must specify (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015) (quotations omitted). A party may not obtain relief under Rule 56(d) "by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the

summary judgment motion." *Garcia v. U.S. Air Force*, 533 F.3d 1170, 1179 (10th Cir. 2008) (citing Rule 56(f), which was later relabeled as Rule 56(d)).

In Plaintiff's Rule 56(d) declaration, counsel argues Defendants rely on irrelevant deposition testimony by witnesses Jenkins and DiGiovanni. (Doc. 87) at 3. However, if the Court disagrees, the declaration "requests the benefit of merits discovery to disprove Defendants' assertions," as "Plaintiff has not had an adequate opportunity to follow up on" the deposition testimony. *Id*. at 4. Plaintiff further argues that it is premature to grant Defendants' summary judgment motions before addressing class certification. (Doc. 94) at 1. According to Plaintiff, the parties agreed to put certification before merits by stipulating to a bifurcated discovery plan on November 15, 2017. (Doc. 94) at 1. *See also* Stipulated Order on Plaintiff's Opposed Motion to Compel and Plaintiff's Opposed Motion for Bifurcation of Discovery ("Agreed Discovery Order") (Doc. 62).

As the Court explained at the April 6, 2018 hearing, the Rule 56(d) declaration does not identify any unavailable facts. It also does not describe how Plaintiff intends to rebut the deposition testimony. The declaration further fails to explain why counsel did not "follow up" during his own deposition of Jenkins or DiGiovanni. Therefore, the Court will deny the request for additional discovery under Rule 56(d).

Plaintiff's argument about timing is also insufficient to justify an extension. Nothing in the Agreed Discovery Order prohibits Defendants from seeking a merits ruling before discovery has been completed. The Court furthers notes it is not required, as a matter of law, to decide a certification motion before ruling on summary judgment. *See, e.g., Miami University Wrestling Club v. Miami University*, 302 F.3d 608, 616 (6th Cir. 2002) (the "district court is not required to rule on … class certification before ruling on the merits of [a] case")

(quotations omitted); *Wiesmueller v. Kosobucki,* 513 F.3d 874, 878 (7th Cir. 2008) ("Rule 23(c)(1) of the civil rules requires certification as soon as practicable, which will usually be before the case is ripe for summary judgment. But 'usually' is not 'always,' and 'practicable' allows for wiggle room.") (quotations omitted); *Wright v. Schock*, 742 F.2d 541 (9th Cir.1984) ("the district court has discretion to rule on a motion for summary judgment before it decides the certification issue."). *Cf Carpenter v. Boeing Co.,* 456 F.3d 1183, 1204 (10th Cir. 2006) (finding class certification issue moot after affirming district court's grant of summary judgment); *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1297 (11th Cir. 2005) (finding issue of class certification moot where trial court granted summary judgment against putative class representative).

For these reasons, and in accordance with the Court's ruling at the April 6, 2018 hearing,

IT IS ORDERED:

1. Plaintiff's Motion for Extension of Time to Respond to Motions for Summary Judgment, filed February 14, 2018 (Doc. 87), is denied.

2. The Court will rule on summary judgment using the motions, responses, and replies on file. (Docs. 75, 76, 83, 88, 97, and 99).

3. The Court will determine, in its discretion, whether to rule on summary judgment before certification after reviewing each motion package.

_____
UNITED STATES DISTRICT JUDGE