IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSHUA CORDOVA, on his own behalf,
And on the behalf of all others similarly situated,

    Plaintiff,

vs.                                      Civ. No. 16-460 KG/KBM

JODY JENKINS and JENKINS, WAGNON &
YOUNG, P.C.,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF REMAND

    This matter comes before the Court on its Amended Memorandum Opinion and Order, filed October 19, 2018, in which the Court requested briefing on the issue of whether the amount in controversy in this case is sufficient to establish federal diversity subject matter jurisdiction. (Doc. 108). Defendants filed their brief on November 5, 2018; Plaintiff filed a response on November 16, 2018; and Defendants filed a reply on November 26, 2018. (Docs. 109, 112, and 116). Having considered this briefing, the Court determines that Defendants have not carried their burden of showing that the $75,000 amount in controversy requirement necessary to establish federal diversity jurisdiction is met. Consequently, this matter will be remanded to the Second Judicial District Court, Bernalillo County, State of New Mexico, for lack of federal subject matter jurisdiction.

    As an initial matter, the Court does not analyze the amount in controversy issue under the Class Action Fairness Act (CAFA). The Court observes that the Notice of Removal does not

rely on CAFA to support federal subject matter jurisdiction.[1]  (Doc. 1) at ¶ 5.  Hence, Defendants cannot now invoke CAFA as a basis for federal subject matter jurisdiction.  *See, e.g.*, *Lindsay Transmission, LLC v. Nationwide Gen. Ins. Co.*, 2015 WL 13389959, at *3 (W.D. Mo.) (finding that "Defendant's failure to invoke CAFA jurisdiction in the Notice of Removal precludes it from invoking CAFA jurisdiction" after 30-day period for filing notice of removal expired).

An action is removable from state court if the federal district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1332(a), a federal district court possesses original subject-matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00.[2]  *See Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000).  As the parties invoking the Court's jurisdiction in this case, Defendants "bear the burden of establishing that the requirements for the exercise of diversity jurisdiction are present."  *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).  The Court also recognizes that there is a presumption against removal jurisdiction.  *See Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, 149 F. App'x 775, 778 (10th Cir. 2005) *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC*, 135 S.Ct. 547 (explaining that "[g]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record").

---

[1] The Notice of Removal relies on both diversity jurisdiction and federal question jurisdiction.  (Doc. 1) at ¶¶ 4 and 5.  Because the Court dismissed the federal Fair Debt Collection Practices Act (FDCPA) claims raised in the Class Action Complaint for Damages (Complaint), (Doc. 1-1) at 8-15, the Court no longer has federal question jurisdiction.  *See* (Doc. 108).

[2] Diversity of citizenship is met in this case.  Therefore, the only issue is whether Defendants can show that the amount in controversy requirement is met.

When a complaint is silent as to the amount of damages a plaintiff seeks, a defendant can establish the amount in controversy by referring to things like the complaint's allegations, contentions or admissions made in state court, and to informal estimates of damages or settlement demands. *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (citation omitted). The defendant can also include in its estimate of damages a potential statutory award of attorney's fees and award of punitive damages. *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) (holding that "potential award of attorneys' fees, in addition to compensatory and treble damages" under the New Mexico Unfair Practices Act (UPA) should be considered in determining amount in controversy; and noting that "[p]unitive damages may be considered in determining the requisite jurisdictional amount"). Once the defendant provides an estimate of an amount in controversy exceeds $75,000, "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *McPhail*, 529 F.3d at 954 (citation omitted).

A federal court has diversity jurisdiction over a non-CAFA class action lawsuit if, in addition to complete diversity, "at least one named plaintiff satisfied the amount in controversy requirement of more than $75,000." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 398 (9th Cir. 2010). In other words, a defendant cannot aggregate the damages of class members to determine the amount in controversy. Likewise, a defendant cannot aggregate class members' potential attorney's fees and punitive damages to determine the amount in controversy. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1293 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

At the time of the removal of this case, Plaintiff's Complaint raised two FDCPA claims, two UPA claims, and malicious abuse of process, fraud, and unjust enrichment claims.[3] (Doc. 1-1) at 13, ¶¶ 41-60. Plaintiff, the only named plaintiff, alleges that Defendants fraudulently charged him $1,062.50 in attorney's fees and fraudulently charged attorney's fees to at least 500 other persons, the proposed class. *Id.* at 10, ¶ 21 and at 11-12, ¶ 35. Plaintiff sought statutory damages, actual damages and attorney's fees and costs under the FDCPA. *Id.* at 13, ¶ 42. Additionally, Plaintiff still seeks treble actual damages for each violation of the UPA, plus attorney's fees and costs. *Id.* at 13, ¶ 45. Plaintiff, moreover, seeks actual and punitive damages with respect to the malicious abuse of process claim and sought actual and punitive damages for the fraud claim. *Id.* at 14, ¶¶ 51 and 56.

Prior to removal, Plaintiff filed a "Court-Annexed Arbitration Certification" in state court which states that "Plaintiffs certify" they seek relief in excess of $25,000.00, "exclusive of punitive damages, interest, costs, and attorney's fees." (Doc. 1-1) at 7. This arbitration certification clearly suggests that the class, not Plaintiff individually, was seeking more than $25,000.00, excluding punitive damages, interest, costs, and attorney's fees. Also, prior to removal, Plaintiff's counsel sent counsel for Defendants an email describing "relief to the class" which would be acceptable to settle this lawsuit. (Doc. 109) at 11. Plaintiff's counsel, however, did not state what specific monetary amount would settle the case. *Id.* Finally, Plaintiff's counsel submitted a declaration on November 16, 2018, stating that the "current amount of attorney's fees incurred in this case, including tax, is $41,938.55." (Doc. 112-1) at 3, ¶ 2.

Considering the Complaint and above evidence, the Plaintiff, as the only named Plaintiff in this class action, suffered actual damages of $1,062.50. Under the FDCPA, Plaintiff could

---

[3] The FDCPA and fraud claims have since been dismissed. (Docs. 69 and 108).

have been awarded actual damages plus statutory damages up to $1,000.00. 15 U.S.C. § 1692k(a). For two violations of the FDCPA, as alleged in the Complaint, actual damages for Plaintiff would consist of $1,062.50 plus up to $2,000.00 in statutory damages, $1,000.00 per FDCPA violation. As to attorney's fees, even if attorney's fees amount to $1,000,000.00, each of the 500 class members, including Plaintiff, would incur only $2,000.00 in attorney's fees.

With respect to an award of punitive damages to Plaintiff, treble damages under the UPA for two violations could amount to as little as $6,375.00. The Tenth Circuit has also observed that a proper ratio between punitive and compensatory damages could be a double digit ratio, like 10:1, if "compensatory damages are low but the degree of reprehensibility is high…." *Lompe v. Sunridge Partners, LLC*, 818 F.3d 1041, 1069 (10th Cir. 2016) (finding that double digit ratio under that circumstance "*might* 'comport with due process.'" (citation omitted)). Assuming that is the case here and using a 10:1 ratio, Plaintiff could be awarded $10,625.00 in punitive damages. If, however, Plaintiff was awarded both treble damages and punitive damages, Plaintiff would have to elect between the awards and would, presumably, choose the higher award of $10,625.00. *See Hale v. Basin Motor Co.*, 1990-NMSC-068, ¶ 20, 110 N.M. 314 (In discussing UPA provision permitting treble damage award, New Mexico Supreme Court held that "recovery of both statutory treble damages and punitive damages based upon the same conduct would be improper.").

Considering the above generous estimates of damages, Plaintiff would be entitled to a total of just $15,687.50. Even considering other unforeseen damages, and doubling the estimate of damages to, for example, $31,375.00, the amount in controversy as to Plaintiff is still far below the $75,000.00 amount in controversy necessary for federal diversity jurisdiction. The Court, therefore, concludes that Defendants have failed to show that at the time of removal this

5

Court had federal diversity subject matter jurisdiction. Because this Court has neither federal diversity jurisdiction nor federal question jurisdiction, the Court is compelled to remand this matter.

IT IS ORDERED that this lawsuit is remanded to the Second Judicial District, County of Bernalillo, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE